**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| Marilyn Galmore, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No.   13-cv-5610 |
| Dynamic Recovery Solutions, a South Carolina limited liability company, and Cascade Capital, LLC, a Delaware limited liability company, | ) ) ) ) ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

**CLASS ACTION COMPLAINT**

Plaintiff, Marilyn Galmore, individually and on behalf of all others similarly situated, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt collection actions violated the FDCPA, and to recover damages for Defendants' violations of the FDCPA, and alleges:

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2.     Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendants reside and transact business here.

**PARTIES**

3.     Plaintiff, Marilyn Galmore, ("Galmore"), is a citizen of the State of Illinois,

residing in the Northern District of Illinois, from whom Defendants attempted to collect a delinquent consumer debt that she allegedly owed for a Providian account.

4.     Defendant, Dynamic Recovery Solutions ("Dynamic"), is a South Carolina limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Dynamic operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Dynamic was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.     Defendant, Cascade Capital, LLC ("Cascade"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Cascade operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Cascade was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.     Defendant Cascade is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon through other collection agencies.

7.     Defendants Dynamic and Cascade are each authorized to conduct business in the State of Illinois and maintain registered agents within the State of

2

Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A.  In

fact, both Defendants conduct business in Illinois.

8.     Defendant Dynamic is licensed as a debt collection agency in the State of

Illinois, see, records from the Illinois Department of Professional Regulation, attached

as Exhibit B.  In fact, both Defendants act as a collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

9.     Ms. Galmore fell behind on paying her bills, including a debt she allegedly

owed for a Providian Bank account.  At some point in time after that debt became

delinquent, Defendants began trying to collect that debt from her by sending her a form

collection letter, dated May 14, 2013, which stated that the original creditor was

"Providian Bank," but contained no statement of the name of the creditor to whom the

debt was then owed.  A copy of this letter is attached as Exhibit C.

10.     "Providian Bank" could not be the creditor to whom the debt was then

owed because it was purchased by Washington Mutual in 2005.  Washington Mutual

collapsed in 2008, and its assets were sold to J.P. Morgan Chase Bank in 2009.

11.     Plaintiff is informed and believes, through her counsel, that, in fact,

Defendant Cascade, a bad debt buyer, purchased her account after default and is

actually the creditor to whom the "Providian" debt is now allegedly owed.  Defendant

Cascade is not mentioned at all in the May 14, 2013 letter Defendant Dynamic sent to

Plaintiff, see, attached Exhibit C.

12.     Defendants' collection actions complained of herein occurred within one

year of the date of this Complaint.

13.     Defendants' collection communications are to be interpreted under the

3

"unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

**Violation Of § 1692g(a)(2)**
**Failure To Identify Effectively The Name Of The Current Creditor**

14.     Section 1692g of the FDCPA requires that, within 5 days of Defendants' first communication to a consumer, they had to provide the consumer with an effective validation notice, containing, among other disclosures, "(2) the name of the creditor to whom the debt is owed;" see, 15 U.S.C. § 1692g(a)(2).

15.     Defendants' letter to Ms. Galmore failed to state the name of the current creditor because nowhere in Defendants letter did it state that Defendant Cascade is the current creditor.  Thus, Defendants have failed to state effectively the name of the creditor to whom the debt is owed, in violation of § 1692g(a)(2) of the FDCPA.

16.     Defendants' violation of § 1692g of the FDCPA renders them liable for statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

**CLASS ALLEGATIONS**

17.     Plaintiff, Marilyn Galmore, brings this action individually and as a class action on behalf of all persons similarly situated in the state of Illinois from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a "Providian Bank" account, via the same form collection letter (Exhibit C), that Defendants sent to Plaintiff, from one year before the date of this Complaint to the present.  This action seeks a finding that Defendants' form letter violates the FDCPA, and asks that the Court award damages as authorized by § 1692k(a)(2) of the FDCPA.

18.     The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts, by sending other consumers the same

form collection letter it sent Plaintiff, which failed to state the name of the current creditor.

19.     Plaintiff's claims are typical of the claims of the Class.  Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues.  Common relief is therefore sought on behalf of all members of the Class.  This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

20.     The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests.  Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

21.     Plaintiff will fairly and adequately protect and represent the interests of the Class.  The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof.  Moreover, Plaintiff has retained counsel experienced in class action litigation, including class actions brought under the FDCPA.

## PRAYER FOR RELIEF

Plaintiff, Marilyn Galmore, individually and as a class action on behalf of all

persons similarly situated, prays that this Court:

1.      Certify this action as a class action;

2.      Appoint Plaintiff, Marilyn Galmore, as Class Representative of the Class, and her attorneys as Class Counsel;

3.      Find that Defendants' collection letter violated the FDCPA;

4.      Enter judgment in favor of Plaintiff, and against Defendants, for statutory damages, costs and reasonable attorneys' fees, as provided by § 1692k of the FDCPA; and,

5.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Marilyn Galmore, individually, and on behalf of all persons similarly situated, demands trial by jury.

Marilyn Galmore, individually and on behalf of all others similarly situated,

By: /s/ David J. Philipps
One of her Attorneys

Dated: August 6, 2013

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com