

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marilyn Galmore, individually and on behalf of all others similarly situated, ) ) ) Plaintiff, ) ) v. ) ) Dynamic Recovery Solutions, LLC, a South Carolina limited liability company, and Cascade Capital, LLC, a Delaware limited liability company, ) ) ) ) ) ) ) Defendants. ) | No. 13-cv-5610<br><br>Judge Norgle<br>Magistrate Judge Valdez |

## ORDER GRANTING
## PRELIMINARY APPROVAL OF SETTLEMENT

This cause comes before the Court on the Joint Motion of Class Representative Marilyn Galmore, and Defendants Dynamic Recovery Solutions, LLC ("Dynamic"), and Cascade Capital, LLC ("Cascade") (collectively the "Defendants"), for Preliminary Approval of the Class Action Settlement Agreement, due notice having been given, and the Court being fully advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties have entered into a Class Action Settlement Agreement ("Agreement") dated October 11, 2013.

2. The Agreement has been submitted to the Court for preliminary approval pursuant to Fed. R. Civ. P. 23.

3. The Complaint in this action alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA").

4. Defendants deny that they have any liability to Plaintiff or the Class whatsoever, and further deny that their actions violated the FDCPA in any manner.

5. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by the Plaintiff is $1,000 and the maximum statutory damages recoverable by the Class against Defendants is the lesser of 1% of their net worth up to a maximum of $500,000. In this case, the high range of that amount is $4,440 to $18,130.

6. The Agreement calls for Dynamic to make the following payments: $1,000 to the Plaintiff, $15,000 to the Class, with a maximum payment of $599 per Class Member, and modification of the form of the collection letter at issue.

The Court finds these amounts to be fair, adequate and reasonable for the following reasons, among others, Plaintiff and the Class are receiving, and Defendant Dynamic is paying, an adequate amount of statutory damages under the FDCPA. Moreover, Dynamic has agreed to modify the collection practice at issue.

7. This Court hereby finds that the elements of Fed.R.Civ.P. 23 (a) and (b)(3) are satisfied for purposes of a settlement class, and hereby certifies a Class in this matter, pursuant to Fed.R.Civ.P. 23(b)(3),

The Class consists of all persons in the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt for a "Providian Bank" account, via the same form collection letter that the Defendants sent to Plaintiff (Complaint Exhibit C), which allegedly did not correctly identify the creditor to whom the debt was then owed, from August 6, 2012 to August 6, 2013 (the "Class").

Moreover, Marilyn Galmore, is appointed as representative of the Class and her attorneys, David J. Philipps, Mary E. Philipps and Angie K. Robertson of Philipps

& Philipps, Ltd., are appointed as Class Counsel.

8. Defendants shall have their Class Administrator, First Class, Inc., send out the Class Notice and distribute the settlement fund and shall pay First Class, Inc., for the costs of same. Class Counsel shall submit a motion, containing their time records, requesting an award from this Court of $20,000 for their reasonable attorneys' fees and costs in this matter. Plaintiff and the Class are entitled to recover their reasonable attorneys' fees and costs as provided for by § 1692k(a)(3 of the FDCPA.

9. The Court hereby approves the sending by Defendants', within 14 days of this Order, the Class Notice in the form attached as Exhibit 2 to the Joint Motion to the Settlement Agreement to each Class Member at their last known address.

10. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all parties and preliminarily finds that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

IT IS HEREBY ORDERED THAT:

1. The above class is certified, pursuant to Fed.R.Civ.P. 23(b)(3) consisting of all persons in the State of Illinois, from whom Defendants attempted to collect a delinquent consumer debt allegedly owed for a "Providian Bank" account, via the same form collection letter that the Defendants sent to Plaintiff (Dkt. 1-3, Complaint Exhibit C), which allegedly did not correctly identify the creditor to whom the debt was then owed, from August 6, 2012 to August 6, 2013.

Marilyn Galmore is appointed as representative of the Class, and her attorneys, David J. Philipps, Mary E. Philipps and Angie K. Robertson of Philipps & Philipps, Ltd., are appointed as Counsel for the Class.

2. The Settlement Agreement, dated October 11 2013, is hereby granted preliminary approval.

3. Defendants shall have their Class Administrator, First Class, Inc., send out the Class Notice to each of the 1938 Class Members by December 12, 2013.

4. Defendants, pursuant to 28 U.S.C. § 1715 of the Class Action Fairness Act, shall notify the appropriate Federal and State regulatory authorities of this proposed Settlement, within 10 days of the filing of the motion for preliminary approval the Settlement Agreement, and shall file with the Court verification of Defendants' compliance with 28 U.S.C. § 1715(b).

5. Notice, in the form attached as Exhibit 2 to the Joint Motion, shall be sent by Defendants' Class Administrator, First Class, Inc., to all Class Members at their last known addresses who shall have until February 10, 2014, to return their claim forms, opt-out, or present any objections to the settlement. No skip tracing of Class Members whose Class Notices are returned is necessary. The parties shall present the Settlement for final approval on February 21, 2014, at 10:00 a.m.

6. Plaintiff's amended motion for class certification [Dkt. No. 30] is denied as moot.

_____
Judge Charles R. Norgle,
United States District Court

DATED: November 21, 2013