IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Marilyn Galmore, individually and on behalf of all others similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>Dynamic Recovery Solutions, LLC, a )<br>South Carolina limited liability company, )<br>and Cascade Capital, LLC, a Delaware )<br>limited liability company, )<br>)<br>Defendants. ) | No. 13 C 5610<br><br>Judge Norgle |

### ORDER GRANTING FINAL APPROVAL
### OF CLASS ACTION SETTLEMENT

This cause comes before the Court for final approval of the Class Action Settlement Agreement and for Dismissal of this action pursuant to the terms of the Class Action Settlement Agreement, due notice having been given, and the court being duly advised in the premises:

THE COURT HEREBY FINDS THAT:

1. The parties entered into a Class Action Settlement Agreement ("Settlement Agreement"), dated October 11, 2013.

2. On November 21, 2013, that Settlement Agreement was, pursuant to F.R.C.P. 23, preliminarily approved by this Court and a Class was certified in this matter based upon the parties' stipulations and solely for the purpose of settlement.

3. As agreed to by the parties and fully explained in detail in ¶ 9 of the Settlement Agreement, the Notice of Class Action was mailed by First Class, Inc., to each of the members of the Class, via First Class U.S. Mail, postage pre-paid. Out of

1

these 1121 notices, 16 notices were returned by the United States Postal Service as undeliverable, with a forwarding address, and were re-mailed, while 258 were returned by the United States Postal Service as undeliverable with no further information. The dissemination of Notice, as provided in the Preliminary Approval Order and the Settlement Agreement, constituted the best practicable notice under the circumstances to all Class Members and fully met the requirements of Fed.R.Civ.P. 23, any and all substantive and procedural due process rights guaranteed by the United States Constitution and any other applicable law.

4. No objections were received, no members of the Class sought leave of this Court to intervene, and no members opted-out of this action, while 139 members of the Class returned claim forms.

5. The Complaint in this action alleged that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

6. Defendants deny that they have in any way violated the FDCPA.

7. The Complaint sought recovery of statutory damages pursuant to § 1692k of the FDCPA. Under § 1692k, the maximum statutory damages recoverable by an individual plaintiff is $1,000 and the maximum statutory damages recoverable by a class is the lesser of 1% of the Defendants' net worth or $500,000. Here, the high range of this amount is $4,440 to $18,130.

8. As agreed to by the parties, which is fully set forth in the Settlement Agreement but just briefly summarized herein, the Settlement Agreement calls for Defendant Dynamic Recovery Solutions, LLC ('Dynamic"), to change the form of the collection letter at issue. Moreover, Dynamic has also agreed to pay $1,000 to the

Class Representative, Marilyn Galmore, and pay $15,000 to the Class to be distributed pro-rata to each of the 139 class members who returned a claim form, which will be about $107.91.

9. The Court finds that the settlement negotiations were conducted at arms-length and in good faith among all counsel and that the terms of the Settlement Agreement are fair, reasonable and adequate to Plaintiff and all members of the Class. In addition to the other facts stated herein, the Court finds the Settlement Agreement to be fair, adequate and reasonable in light of the risk of establishing liability and the expense of further litigation.

10. As agreed to by the parties and fully explained in detail in ¶ 7 of the Settlement Agreement but just summarized herein, the $15,000 Class settlement fund shall be distributed, within 45 days of the final approval of the settlement, by Defendants through their Class Administrator, First Class, Inc., as set forth above, and a check shall be sent, via U.S. Mail, to each of the 139 members of the Class who returned a claim form their pro-rata share of the settlement fund. Any portion of the $15,000 which is unclaimed by the Settlement Class, because the Settlement check is returned as undeliverable or without a forwarding address, or because the check remains uncashed 60 days after distribution, shall be distributed to the Coordinated Advice and Referral Program for Legal Services ("CARPLS") as a <u>cy pres</u> remedy. As agreed to by the parties and fully explained in detail in ¶ 8 of the Settlement Agreement but just briefly summarized herein, 120 days after final approval, Defendants' Counsel shall provide the Court and Class Counsel with a report regarding the number of checks

that were returned or were not cashed and the amount distributed to the <u>cy pres</u> recipients.

  11. As agreed to by the parties and fully explained in detail in ¶¶ 7 and 8 of the Settlement Agreement but briefly summarized herein, Defendants have agreed to pay Class Counsel $20,000 for their attorneys' fees and costs. Class Counsel has submitted a motion detailing that their fees and costs exceed this amount, so this amount is approved as the Court finds it to be fair and reasonable. Accordingly, the Court grants Class Counsel's motion, and approves the $20,000 amount that Defendants have agreed to pay to Class Counsel for their fees and costs.

  12. As agreed to by the parties and fully explained in detail in ¶ 8 of the Settlement Agreement but just briefly summarized herein, the $1,000 due to the Class Representative, and the $20,000 due to Class Counsel for their attorneys' fees and costs, shall be paid by Defendants to Class Counsel within 30 days of the date of this order, which is to be held in trust until the 30-day appeal period has run.

**IT IS HEREBY ORDERED THAT:**

  1. The Settlement Agreement, dated October 11, 2013, is hereby approved and the parties shall implement its terms. The summaries of the terms of the Settlement Agreement provided above do not amend, revise, alter, change or otherwise modify in any way the actual terms of the Settlement Agreement.

  2. Plaintiff and the Class shall be forever barred and enjoined from instituting or further prosecuting, in any forum whatsoever, including but not limited to, any State, Federal, or Foreign Court, against Dynamic Recovery

        Solutions, LLC, Cascade Capital, LLC, and their past or present parents, affiliates, subsidiaries, successors, predecessors. assignors and assigns, and their present or former directors, officers, partners, members, principals, employees, agents, insurers and attorneys, ("Released Parties") including any and all claims that were asserted or alleged or which could have been asserted or alleged in this lawsuit; and, the Released Parties shall be barred identically from pursuing any claim for relief under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, or F.R.C.P. Rule 11, against Plaintiff, her Counsel, or any member of the Class arising out of the claims asserted or alleged, or which could have been asserted or alleged, against Defendants in this action.

3. Defendants shall pay to First Class, Inc., the $15,000 that is to be distributed to the class and shall pay $21,000 ($1,000 due to the Class Representative, and $20,000 due for Class Counsel's attorneys' fees and costs) to Class Counsel's Fiduciary Account within 30 days of the final approval of the this settlement; 120 days after the approval of the settlement, Class Counsel shall provide the Court and Defendants' Counsel with a report regarding the number of checks that were returned or remain uncashed, and shall distribute any remaining funds to the CARPLS as a <u>cy pres</u> remedy.

4. This Court reserves jurisdiction over all matters arising out of the Settlement Agreement.

5. This action is hereby dismissed without prejudice and without costs; upon filing of the final report as to the distribution of the settlement fund to the Class, as set forth in ¶ 8 herein and completely set forth in ¶8 of the Settlement Agreement, the dismissal will be converted to a dismissal with prejudice, and the Court shall no longer retain jurisdiction of this matter.

6. This order resolves all claims against all parties in this action, and except as otherwise provided herein, the parties are to bear their own fees and costs.

_____
Judge Charles Norgle,
United States District Court

DATED: February 21, 2014